UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT GARFIELD,<br><br>       Plaintiff,<br><br>  vs.<br><br>NATHAN'S FAMOUS, INC.,<br><br>       Defendant. | Case No.:<br><br>**COMPLAINT** |

  Plaintiff Robert Garfield ("Plaintiff"), by his undersigned attorneys, alleges, based upon personal knowledge as to himself and his own acts and on information and belief as to all other matters which is based upon filings made by Nathan's Famous, Inc. ("Nathan's" or the "Company") with the U.S. Securities and Exchange Commission ("SEC"), as follows:

## NATURE OF THE ACTION

  1. On July 26, 2019, the Company filed with the SEC, and furnished to its stockholders, a definitive proxy statement (the "Proxy Statement" or "Solicitation") with respect to an annual meeting (the "Annual Meeting") scheduled to take place on September 18, 2019. A true and correct copy of the Solicitation is attached hereto as Exhibit 1. The second proposal ("Proposal 2") contained in the Proxy Statement seeks stockholder action, by way of a vote, to adopt the Nathan's Famous Inc. 2019 Stock Incentive Plan (the "2019 Plan" or the "Plan").

  2. The proxy rules issued by the SEC "have the force and effect of law." *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977). However, in seeking stockholder approval of Proposal 2, as alleged in greater detail below, the Company failed to comply with the disclosure requirements of Schedule 14A promulgated under the Securities Exchange Act of 1934 (the "Exchange Act"), 17 C.F.R. §240.14a-101 ("Schedule 14A"), which governs proxy solicitation. Specifically, Item

10(a)(1) of Schedule 14A requires, *inter alia*, that certain information relating to the number of persons who will be eligible for receiving stock options awards be furnished "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed[,]" 17 C.F.R. §240.14a-101 (2019).

3. Proposal 2 of the Proxy Statement does not comply with the SEC's disclosure requirements for proxy statements, codified at Items 10(a)(1) of Schedule 14A. Accordingly, Plaintiff, a Company stockholder whose vote is being solicited through the Proxy Statement, is bringing this direct action under Section 14(a) of the Exchange Act, 15 U.S.C. §78n(a), and the rules and regulations of the SEC to enjoin a vote by the Company's stockholders on Proposal 2 until the defects in the Solicitation are cured.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. §78aa(a).

5. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

6. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue occurred as numerous Solicitations were or will be mailed to the Company's stockholders residing in this District. The Company is headquartered in this District and also trades on the NASDAQ, which is based in New York.

## PARTIES

7. Plaintiff, a Company stockholder as of July 23, 2019 (the "Record Date"), is entitled to notice of, to participate in, and to vote at the Annual Meeting.

8. The Company owns and franchises restaurants under the Nathan's Famous brand name, as well as sells food products bearing the Nathan's Famous trademarks through various

channels of distribution. Nathan's Famous, Inc. was founded in 1916 and is based in Jericho, New York. The Company maintains its corporate headquarters at One Jericho Plaza Second Floor - Wing A, Jericho, New York 11753 and its common stock trades on the NASDAQ under the ticker "NATH."

**WRONGFUL ACTS AND OMISSIONS**

9. The Annual Meeting of the Company's stockholders is scheduled to take place on September 18, 2019, and the Record Date to vote on the proposals in the Solicitation is July 23, 2019.

10. The affirmative vote of a majority of the votes cast on this proposal in person or by proxy at the Annual Meeting is required for approval of the 2019 Plan.

11. The Company's board of directors (the "Board") "recommends a vote 'FOR' approval of the adoption of the 2019 Plan."

12. The Solicitation states that Proposal 2 is recommended, in part, because:

> Nathan's presently maintains the 2010 Stock Incentive Plan, as amended (the "2010 Plan"), which was approved by stockholders. As of July 23, 2019, 208,584 shares of common stock remain available for future awards under the 2010 Plan.
>
> In order to increase the number of shares available for stock option grants and provide for the grant of other stock awards to our executive officers, other employees of and consultants to the Company, its affiliates and subsidiaries, and to non-employee directors of the Company, the Board has adopted and approved, subject to stockholder approval, the Nathan's Famous, Inc. 2019 Stock Incentive Plan (the "2019 Plan").
>
> The 2019 Plan will be effective as of July 1, 2020 (the "Effective Date"). Following the Effective Date, (i) no additional stock awards shall be granted under the 2010 Plan and (ii) all outstanding stock awards previously granted under the 2010 Plan shall remain subject to the terms of the 2010 Plan. All awards granted on or after the Effective Date of the 2019 Plan shall be subject to the terms of the 2019 Plan.

3

At the meeting, you will be asked to approve the adoption of the 2019 Plan. A copy of this plan, as proposed to be adopted, is set forth as Annex "A" to this proxy statement. The principal features of the 2019 Plan are summarized below, but the summary is qualified in its entirety by the full text of the 2019 Plan.

*Stock Subject to the Plan*

We will be able to issue up to 369,584 shares of common stock under the 2019 Plan which includes: (a) shares that have been authorized but not issued pursuant to the 2010 Plan as of July 1, 2020 up to a maximum of an additional 208,584 shares and (b) any shares subject to any outstanding options or restricted stock grants under any plan of the Company that were outstanding as of July 1, 2020 and that may subsequently expire unexercised, or are otherwise forfeited, up to a maximum of an additional 11,000 shares. The shares identified in clause (a) and (b) of the preceding sentence are referred to herein as the "Rollover Shares." The stock to be offered under the 2019 Plan consists of shares of our common stock, whether authorized but unissued or reacquired. The number of shares issuable and the exercise price of outstanding options are subject to adjustment upon the occurrence of certain events, including stock dividends, stock splits, mergers, consolidations, reorganizations, recapitalizations, or other capital adjustments.

*Administration of the Plan*

The Compensation Committee will have the discretion to grant awards to our executive officers, other key employees of and consultants to the Company, its affiliates and subsidiaries, and non-employee directors of the Company. The Compensation Committee will determine whether to make any such grant and, if it so determines, the nature of the award and the number of shares applicable to such award. The Compensation Committee has authority to interpret the 2019 Plan, including to prescribe, amend and rescind the rules and regulations relating to the 2019 Plan

13. Proposal 2 fails to provide legally required information because it fails to provide in the Proxy Statement sufficient information for Company stockholders to understand how many participants are eligible to participate in the Plan despite the fact that Item 10(a)(1) requires that:

> If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

4

> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

14. Instead of providing the "approximate number of persons in each such class" as required by Item 10(a)(1), Proposal 2 tells Company stockholders the following about who may receive these awards:

> *Participants*
>
> Our executive officers, other employees of and consultants to the Company, its affiliates and subsidiaries, and non-employee directors of the Company are eligible to participate in the 2019 Plan.

15. The above excerpt merely states categories of persons. It fails to state or explain how many persons are in each of those categories.

16. Proposal 2 fails to provide any information regarding how many participants may be awarded the compensation from the Plan that stockholders are being asked to approve, and who may be awarded the 369,584 shares of common stock issuable under the 2019 Plan (worth approximately $26,839,190.08 million, and representing approximately 8.74% of the Company's outstanding equity) that stockholders are being asked to approve for issuance under the Plan.

17. The Solicitation also fails to comply with Item 10(b)(2)(i) of Schedule 14A, which requires that:

> With respect to any specific grant of or any plan containing options, warrants or rights submitted for security holder action, state:
>
> (A) The title and amount of securities underlying such options, warrants or rights;
>
> (B) The prices, expiration dates and other material conditions upon which the options, warrants or rights may be exercised;

(C) The consideration received or to be received by the registrant or subsidiary for the granting or extension of the options, warrants or rights;

(D) The market value of the securities underlying the options, warrants, or rights as of the latest practicable date; and

(E) In the case of options, the federal income tax consequences of the issuance and exercise of such options to the recipient and the registrant[.]

18. Because the Plan allows for the granting of stock options and rights, the Company must disclose, *inter alia*, and in the Solicitation, "[t]he market value of the securities underlying the options, warrants, or rights as of the latest practicable date[.]"

## COUNT I
### (Violations of Section 14(a))

19. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

20. The preceding paragraphs state a direct claim for relief against the Company under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

21. As a result of these actions, Plaintiff will be injured and has no adequate remedy at law. He will suffer irreparable harm if no action is taken to prevent this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 369,584 shares of common stock to be granted to an unknown number of persons who qualify as eligible.

22. If these defects are not cured, it is necessary for the Court to take action to enjoin the vote on Proposal 2 beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed stockholder approval because unwinding awards following the Annual Meeting would be impracticable.

23. To prevent injury, injunctive relief is required in the form of the Court ordering that a supplemental proxy statement that complies with Schedule 14A, Items 10(a)(1) and 10(b)(2)(i), and which is timely furnished to stockholders.

24. The Company should be enjoined from presenting Proposal 2 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 2 unless the appropriate disclosures are timely furnished.

## COUNT II
### (For an Award of Attorneys' Fees)

25. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

26. Plaintiff has stated a direct claim for relief against the Company under Section 14(a) for acting in contravention of the rules and regulations prescribed by the SEC.

27. A plaintiff who causes a proxy statement to be corrected to comply with the requirements of the Exchange Act is entitled to an award of attorneys' fees and reimbursement of expenses.

28. Plaintiff has rendered a service to the Company and its stockholders by promoting fair and informed corporate suffrage and by vindicating the statutory policy against securities law violations.

29. The Company and its stockholders have further benefited from Plaintiff's action in the deterrent effect which Plaintiff's action will have on the future conduct of Company management.

30. Plaintiff's actions thus provided a substantial benefit to the Company and its stockholders, entitling Plaintiff to an award of attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor, and against the Company, as follows:

(A) A preliminary and permanent injunction, enjoining the Company from:

i. certifying or otherwise accepting any vote cast, by proxy or in person, in connection with Proposal 2 unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to stockholders; and

ii. presenting Proposal 2 for a stockholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Items 10(a)(1) and 10(b)(2)(i) is timely furnished to stockholders;

(B) A preliminary and permanent injunction requiring the Company to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Items 10(a)(1) and 10(b)(2)(i), that is cured of material disclosure defects pursuant to Section 14(a) of the Exchange Act;

(C) Awarding Plaintiff reasonable attorneys' fees and expenses incurred in bringing this action and in creating a benefit for all of the Company's stockholders to the extent that a common benefit is conferred, and;

(D) Granting such other and further relief as this Court may deem just and proper.

Dated: July 31, 2019

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

 /s/ Michael J. Klein
Michael J. Klein
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mklein@aftlaw.com

**Attorneys for Plaintiff**